Walter T. Best, otherwise known as E. Maro, deceased, against William C. Hunter on a contract between defendant and deceased alleging that defendant refused to take back certain shares of stock at the price paid by deceased, contrary to the agreement. From a judgment entered against plaintiff for costs on sustaining a demurrer to plaintiff's declaration, plaintiff brings error.

KERN & CLARE, for plaintiff in error.

CHARLES H. WELLS, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

### Abstract of the Decision.

CONTRACTS, § 353*—*when declaration in action on, demurrable.* In an action by an executrix on a contract with decedent in the form of a letter whereby the defendant agreed to take back certain shares of stock from deceased at any time within two years at the price paid, a declaration which does not allege the name of the corporation and does not aver that the shares were delivered by defendant and received by decedent, *held* demurrable.

---

## Ashland Auto Garage, Plaintiff in Error, v. Chicago Railways Company, Defendant in Error.

### Gen. No. 18,716.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed November 4, 1913.

### Statement of the Case.

Action by Ashland Auto Garage, a corporation,

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

against Chicago Railways Company, a corporation, to recover damages sustained by reason of one of plaintiff's automobiles being struck by one of defendant's street cars. From a judgment in favor of defendant for costs, plaintiff brings error.

JOSEPH E. PADEN and OSCAR A. KROPF, for plaintiff in error.

EDWARD C. STEARNS and WILLIAM H. SYMMES, for defendant in error; FRANK L. KRIETE and JOHN R. GUILLIAMS, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

### Abstract of the Decision.

1. STREET RAILROADS, § 95*—*when driver of automobile is guilty of contributory negligence as a matter of law.* A chauffeur who does not look for a street car within two minutes before attempting to drive his machine across a street car track is guilty of contributory negligence as a matter of law.

2. NEGLIGENCE, § 204*—*when direction of verdict for defendant, proper.* A peremptory instruction directing the jury to find the defendant not guilty should be given in an action of tort where there is no evidence tending to establish a cause of action.

3. NEGLIGENCE, § 157*—*burden of proof.* In all cases of negligence it is incumbent upon the plaintiff to show that defendant was guilty of negligence and that he, the plaintiff, was not guilty of contributory negligence.

---

### James S. Deming, Plaintiff in Error, v. Agnes Grunenberg, Defendant in Error.

### Gen. No. 18,475.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed November 20, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.